UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. VILLACRES,<br><br>        Petitioner,<br><br>    v.<br><br>CA CDCR & BPH, et al.,[1]<br><br>        Respondents. | No. 2:16-cv-0843 JAM KJN P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 10, 2016, petitioner submitted the certified request to proceed in forma pauperis, along with the certified trust account statement. (ECF No. 9 at 6-8.)

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Insufficient Pleading

On April 7, 2016, petitioner filed a document entitled, "Petition for Acceptance of Petition for Writ of Habeas Corpus. (ECF No. 1-1.) Petitioner states that he erroneously submitted his "Notice of Appeal" and "COA" to the Ninth Circuit Court of Appeals, after his petition for writ

---

[1] In a petition for writ of habeas corpus, the proper respondent is the warden of the institution in which petitioner is presently housed. The current Acting Warden of the California Health Care Facility ("CHCF") is Jennifer Barretto, who is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1   of habeas corpus was denied by the California Supreme Court.  (Id.)  Petitioner claims that the

2   Ninth Circuit instructed petitioner to submit his petition directly to the district court for review,

3   and provided a copy of the letter[2] and his 156 page filing from the circuit.

4          The only document addressed to the attention of the Eastern District is petitioner's

5   "Petition for Acceptance . . . ."  Petitioner did not file a petition for writ of habeas corpus directed

6   to the Eastern District, and does not identify the proper respondent, or set forth the grounds he

7   seeks to pursue in this court.  Moreover, the 156 pages of exhibits are equally unclear.  In his

8   April 5, 2016 letter to the Ninth Circuit, petitioner claims he was denied parole on May 30, 2013,

9   that all of his petitions for writs of habeas corpus filed in state court and the Eastern District of

10  California federal court were denied, but that he was granted a new appeal on April 15, 2015, by

11  the Ninth Circuit.  However, review of the electronic records for the Ninth Circuit for the last

12  three years reflects only one case:  Case No. 15-16022 (9th Cir.), which was petitioner's appeal

13  from his prior habeas, Case No. 2:13-cv-2195 GEB CMK (E.D. Cal.), in which petitioner

14  challenged the 2012 denial of parole.  However, Case No. 15-16022 did not grant petitioner a

15  "new appeal."  Id.  Rather, the Ninth Circuit found that petitioner's May 20, 2015 appeal from a

16  November 12, 2014 order was dismissed for lack of jurisdiction because the order challenged was

17  not final or appealable.  Case No. 15-16022 (9th Cir. June 10, 2015) (ECF No. 3).  Petitioner did

18  not file an appeal after final judgment was entered in Case No. 2:13-cv-2195 GEB CMK (E.D.

19  Cal. September 18, 2015).  Rather, petitioner states that he did not "further litigate his case"

20  because he was told in March of 2015 that he would die from terminal lung cancer in six months

21  or less.  (ECF No. 1 at 1.)

22         The court is sympathetic to petitioner's plight:  he is faced with the prospect that he might

23  die from terminal lung cancer while still incarcerated.  However, even though petitioner is

24  terminally ill, he is still required to comply with the pleading requirements of the Federal Rules of

25  Civil Procedure.  In order to commence an action, he must file a petition for writ of habeas corpus

26  as required by Rule 3 of the Rules Governing Section 2254 cases.  Petitioner must also specify

---

[2] The Ninth Circuit returned petitioner's filing to him "in the event" that petitioner "wish[ed] to pursue [his] action in the U.S. District Court."  (ECF No. 1-1 at 2.)

the grounds for relief in his petition.  See Rule 2(c), Rules Governing § 2254 Cases.  Given that time is of the essence, the undersigned will attempt to provide petitioner guidance in how to craft his pleading.

First, although it appears he seeks habeas relief, petitioner includes allegations in his exhibits that do not implicate the fact or duration of his confinement.  Habeas corpus relief under 28 U.S.C. § 2254 is only available for challenges to the fact or duration of a prisoner's confinement.  Petitioner contends that lower California courts failed to address grievance issues and allowed false allegations to stand.  (ECF No. 1 at 4.)  Petitioner included copies of a grievance he filed, (ECF No. 1 at 11-12), as well as state habeas petitions concerning the denial of authorization to obtain pure nutritional supplements as an alternative treatment for his lung cancer (ECF No. 1 at 37-38; 55-60).  However, such claims do not sound in habeas because they do not implicate the fact or duration of petitioner's confinement.  If petitioner wishes to challenge the conditions of his present confinement, he must file a civil rights complaint under 42 U.S.C. § 1983.[3]  It appears that petitioner is pursuing some of these claims in a civil rights complaint that is presently pending.  Villacres v. CDCR, Case No. 2:16-cv-0305 AC (E.D. Cal.).

////

---

[3] **Error! Main Document Only.**However, petitioner is advised that prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Second, to the extent that petitioner is again[4] attempting to raise a due process challenge to a 2013, 2014 or 2015 denial of parole, he is reminded of the limited review district courts may perform under Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam). Such review is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 862-63; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural question is "the beginning and the end of" a federal habeas court's inquiry into whether due process has been violated when a state prisoner is denied parole. Cooke, 131 S. Ct. at 862. Here, petitioner argues that at 76 years of age with no criminal history and a near perfect prison programming record, terminal cancer and severe rheumatoid arthritis, he is no longer a danger to society. (ECF No. 1 at 1.) However, such argument implicates the substance of the parole hearing, which this court is barred from considering under Cooke.

Third, to the extent he is seeking to challenge the denial of his request for compassionate release, petitioner is informed that this court has no authority to order compassionate release. As another magistrate judge in this district opined:

> A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L.Ed.2d 668 (1979). "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." Fox v. Warden Ross Correctional Inst., 2012 WL 3878143, *2 (S.D. Ohio Sept. 6, 2012). California's law authorizing a court to recall a sentence is not mandatory, but only permissive, and contains no language permitting, let alone mandating, a compassionate release. Gonzales v. Marshall, 2008 WL 5115882, *5 (C.D. Cal. Dec.4, 2008), citing Cal. Penal Code § 1170(d).

---

[4] In addressing petitioner's challenge to the 2013 parole denial, the district court explained how Cooke now limits federal due process review on habeas. Case No. 2:13-cv-2195 GEB CMK (E.D. Cal. October 30, 2014) (ECF No. 24 at 2-3).

1  Tucker v. Department of Corrections, 2013 WL 1091282, *1 (E.D. Cal. Mar.15, 2013) (Findings
2  and Recommendations by Hollows, M.J.), adopted Apr. 25, 2013 (Mendez, D.J.).  Claims that
3  prison officials declined to follow this law are not cognizable in federal court.  See Ransom v.
4  Adams, 313 Fed. App'x 948, 949 (9th Cir. 2009) (affirming summary dismissal of petitioner's
5  claim that he was entitled to compassionate release under Section 3076(d), because the assertion
6  that state officials failed to follow state law "is not cognizable" in federal court).

7        Fourth, petitioner also contends that the denial of his compassionate release request
8  subjects him to a disproportionate sentence.  (ECF No. 1 at 4.)  Petitioner is serving a 15 year to
9  life sentence, with the possibility of parole, for a second degree murder conviction and a four year
10  weapon enhancement he sustained in Orange County Superior Court in 1991.  (ECF No. 1 at 28.)

11        A criminal sentence that is "grossly disproportionate" to the crime for which a defendant
12  is convicted may violate the Eighth Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003);
13  Rummel v. Estelle, 445 U.S. 263, 271 (1980).  However, outside of the capital punishment
14  context, the Eighth Amendment prohibits only sentences that are extreme and grossly
15  disproportionate to the crime.  United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting
16  Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).  Such instances are
17  "exceedingly rare" and occur in only "extreme" cases.  Lockyer, 538 U.S. at 73; Rummel, 445
18  U.S. at 272.  "A punishment within legislatively mandated guidelines is presumptively valid.
19  'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not
20  be overturned on eighth amendment grounds.'"  United States v. Mejia-Mesa, 153 F.3d 925, 930
21  (9th Cir. 1998) (citing United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

22        The United States Supreme Court has held that a life sentence is constitutional, even for a
23  non-violent property crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the
24  possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of
25  obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to
26  ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the
27  possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine,
28  although it was his first felony offense).  Accordingly, a life sentence for a first-degree murder,

such as that committed by petitioner, would not constitute cruel and unusual punishment under the Eighth Amendment.  See Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006) (holding that a sentence of fifty years to life for murder with use of a firearm is not grossly disproportionate); People of Territory of Guam v. Sablan, 584 F.2d 340, 341 (9th Cir. 1978) (upholding a life sentence for first degree felony murder); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) (upholding life imprisonment for first degree murder).

Therefore, petitioner shall file a petition for writ of habeas corpus on the form provided by the Clerk.  Petitioner may provide a copy of the parole decision he is challenging, but no further exhibits are required.  In light of the above, petitioner may choose to voluntarily dismiss this action and pursue his civil rights claims in Case No. 2:16-cv-0305 AC.  But in order to pursue a challenge to the fact or duration of his confinement, he must file a petition as required by this order.  Failure to comply will result in a recommendation that this action be dismissed.

Motion to Transfer

In addition, petitioner filed a motion to transfer this action to the Northern District of California.  He complains about the delay in screening the instant complaint due to the difficulties in obtaining the documents necessary to determine in forma pauperis status, and argues that the state courts expedited his petitions due to his terminal illness.

While both this court and the United States District Court for the Central District of California, where petitioner was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available in San Joaquin County, where petitioner is presently housed.  Id. at 499 n.15; 28 U.S.C. § 2241(d).  Petitioner fails to explain any connection with the Northern District of California.  Petitioner again claims that he was granted a new appeal by the Ninth Circuit in April of 2015, but he provides no case number, or copy of such order. (ECF No. 10 at 1.)  Petitioner fails to demonstrate that this action should be transferred to the Northern District of California, and his request is denied.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 9) is granted;

6

2. Petitioner's motion to transfer this action (ECF No. 10) is denied without prejudice;

3. Within thirty days,[5] petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition.  Petitioner may append a copy of the parole decision he is challenging, but shall append no other exhibits to his pleading.  Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

4. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus.

Dated:  June 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vill0843.114

---

[5] By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015).  Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).