UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. VILLACRES, | No. 2:16-cv-0843 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JENNIFER BARRETTO, | |
| Respondent. | |

I. Introduction

  Petitioner is a state prisoner, proceeding in forma pauperis and pro se. On June 10, 2016, petitioner was directed to file a petition for writ of habeas corpus that conforms with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice. On July 18, 2016, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a document styled "motion in support of the petition," and a notice. (ECF Nos. 12-14.) Despite the admonitions contained in the June 10, 2016 order, petitioner has again raised allegations that fail to state cognizable claims for habeas relief. Accordingly, the undersigned recommends that the petition be summarily dismissed.

II. Screening

  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

1  petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254

2  Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695

3  F.2d 1195, 1198 (9th Cir.1983).  The Advisory Committee Notes to Rule 8 indicate that the court

4  may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

5  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

6  answer and petition are considered; or a dismissal after consideration of the pleadings and an

7  expanded record."

8  III.  The Petition

9       Petitioner raises four grounds for relief:  (1) the Board of Prison Hearings ("BPH") denied

10 petitioner compassionate release based on their finding that petitioner was a current danger to

11 society, despite no supporting evidence to prove such allegation; (2) Diana Touche, Acting

12 Undersecretary of Health for the California Department of Corrections and Rehabilitation

13 ("CDCR"), failed to answer petitioner's CDCR 602 for evidence of petitioner as a danger to

14 society; (3) the San Joaquin County Superior Court, the Third District Court of Appeal, and the

15 California Supreme Court, all failed to order respondent to answer petitioner's grievance issue;

16 (4) the denial of a compassionate release due to false claims of being a danger to society with no

17 proof, despite petitioner's terminal cancer and crippling arthritis, and plaintiff was further denied

18 his "assumed right" that he be able to procure alternate supplement therapy to help abate the

19 progress of cancer.  In the "motion" accompanying his petition, petitioner claims that he was

20 denied parole release at a BPH hearing on April 19, 2015, due to the panel's finding that

21 petitioner poses a risk and danger to society.  (ECF No. 13 at 1.)

22 IV.  Discussion

23      Petitioner's challenge to the BPH's denial of his request for compassionate release is

24 unavailing because this court has no authority to order compassionate release.  As another

25 magistrate judge in this district explained:

26 > A plea for compassionate release is not one which federal courts,
> sitting in habeas, or any other situation, are entitled to act upon.
27 > "There is no constitutional or inherent right of a convicted person to
> be conditionally released before the expiration of a valid sentence."
28 > Greenholtz v. Inmates of Nebraska Penal and Correctional

Complex, 442 U.S. 1, 7 (1979). "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." Fox v. Warden Ross Correctional Inst., 2012 WL 3878143, *2 (S.D. Ohio Sept. 6, 2012). California's law authorizing a court to recall a sentence is not mandatory, but only permissive, and contains no language permitting, let alone mandating, a compassionate release. Gonzales v. Marshall, 2008 WL 5115882, *5 (C.D. Cal. Dec. 4, 2008), citing Cal. Penal Code § 1170(d).

Tucker v. Department of Corrections, 2013 WL 1091282, *1 (E.D. Cal. Mar. 15, 2013) (Findings and Recommendations by Hollows, M.J.), adopted Apr. 25, 2013 (Mendez, D.J.). Claims that prison officials declined to follow this law are not cognizable in federal court. See Ransom v. Adams, 313 Fed. App'x 948, 949 (9th Cir. 2009) (affirming summary dismissal of petitioner's claim that he was entitled to compassionate release under Section 3076(d), because the assertion that state officials failed to follow state law "is not cognizable" in federal court); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"). Therefore, petitioner's first claim must be dismissed.[1]

Petitioner's second and third claims pertain to his pursuit of administrative remedies. Habeas corpus relief under 28 U.S.C. § 2254 is only available for challenges to the fact or duration of a prisoner's confinement. Petitioner's second and third claims concerning administrative remedies do not implicate the fact or duration of his confinement in state prison.[2]

---

[1] On September 2, 2015, the San Joaquin County Superior Court denied petitioner's habeas petition challenging the BPH's denial of compassionate release, stating that petitioner presented no independent objective evidence to support his claim that the BPH erred in its decision. (ECF No. 1 at 106.) The superior court advised petitioner "that if he chooses to re-file this petition with supporting documentary evidence, he should do so with the Orange County Superior Court." (Id.) The superior court stated that because petitioner's challenge was "akin to a challenge of a denial of parole," it was more appropriately raised in the court that rendered judgment. (ECF No. 1 at 106-07.) It is unclear whether petitioner pursued this claim in Orange County.

[2] Moreover, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). In other words, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied

Similarly, petitioner's fourth claim concerning the denial of alternate supplement therapy do not implicate the fact or duration of his prison confinement. It appears that petitioner is pursuing some of these claims in a civil rights complaint that is presently pending. Villacres v. CDCR, Case No. 2:16-cv-0305 AC (E.D. Cal.).

On June 27, 2016, petitioner was informed that habeas relief is limited to challenges to the fact or duration of his confinement, and warned that failure to comply with that order would result in a recommendation that this action be dismissed.

V.  Petitioner's "Motion"

While it may be unfortunate that the BPH found that petitioner, now 76 years old, remains a danger to society despite his terminal lung cancer and crippling rheumatoid arthritis, this court is unable to review the substance of such findings under Swarthout v. Cooke, 562 U.S. 216, 221-22 (2011) (per curiam) (federal due process review is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.").[3]  Such limited review is "the beginning and the end of" a federal habeas court's inquiry into whether due process has been violated when a state prisoner is denied parole. Cooke, 131 S. Ct. at 862. Thus, petitioner's "motion" should be denied.

////

////

---

or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of [] administrative claims.").

[3] In addressing petitioner's challenge to the 2013 denial of parole, the district court explained to petitioner how Cooke limits federal due process review on habeas. Case No. 2:13-cv-2195 GEB CMK (E.D. Cal. Oct. 30, 2014) (ECF No. 24 at 2-3).

VI. Conclusion

Thus, as set forth above, petitioner has alleged no cognizable federal habeas claims, and therefore the undersigned must recommend that the petition be summarily dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion (ECF No. 13) be denied; and

2. The petition for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vill0843.156